

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*One Saint Andrew's Plaza*
*New York, NY 10007*

June 21, 2023

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Rashien Jackson*, S1 21 Cr. 280 (AKH)

Dear Judge Hellerstein:

    The defendant Rashien Jackson is scheduled to be sentenced on June 28, 2023. For the reasons set forth below, the Government respectfully submits that a sentence at the top of the applicable Guidelines range—namely, 97 months' imprisonment—is sufficient but not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

    **I.**    **Factual Background**

    Since 2020, the New York City Police Department and the Drug Enforcement Administration have been investigating the 800 YGz as a result of numerous acts of violence that were committed by members of the 800 YGz and rival gang members in the Bronx. PSR ¶ 24.

    The 800 YGz are a gang that engages in an array of racketeering activity to further the gang's interests and reputation, including acts of violence, attempted murder, robbery, narcotics distribution, and acts involving wire fraud, among other things. PSR ¶ 25. Members and associates of the 800 YGz use violence and threats of violence against individuals associated with rival gangs. PSR ¶ 27. The 800 YGz also promote the gang on social media sites such as Facebook and Instagram by posting messages, comments, videos, and photographs referring to, among other things, shootings, firearms, drug dealing, and acts of wire fraud. PSR ¶ 27. In addition to acts of violence, members of the 800 YGz have also furthered the goals of the gang by engaging in acts of wire fraud through the submission of fraudulent applications to collect unemployment insurance benefits. PSR ¶ 27.

    Rashien Jackson participated in the 800 YGz from about 2010 through 2021. PSR ¶ 29. Jackson was part of the racketeering conspiracy, and he engaged in acts of violence (including attempted murder), in drug trafficking, and in fraud. PSR ¶ 29. Jackson's social media account contained many posts and messages regarding the sale of narcotics and showed him flashing large

Hon. Alvin K. Hellerstein                                                                                                          Page 2
June 21, 2023

amounts of cash.  PSR ¶ 29.  It also contained messages regarding Jackson's commission of unemployment fraud with an associate of the 800 YGz.  PSR ¶ 29.  In addition, Jackson's social media account included many messages where Jackson promoted the 800 YGz and their violent acts and threatened to shoot rivals.  PSR ¶ 29.  Below are some examples of photographs and posts from Jackson's social media account, including photographs of himself and other 800 YGz members flashing gang signs and money, and messages promoting the gang, its drug dealing, and its acts of violence.





Hon. Alvin K. Hellerstein	Page 3
June 21, 2023







- I only got dimes (May 22, 2020)

- Yo I got no 8ths I gotta bag that up I only got dimes and knicks (January 26, 2020)

- Got the 20$ 8ths for u (February 16, 2020)

Hon. Alvin K. Hellerstein                                                                                                     Page 4
June 21, 2023

- I got the dope for u cop up (January 10, 2020)

- Iran Don't Come To 800 With All That Hot Shit💯 U gonna look like Tank !!😂dead on the Ave (January 4, 2020)

- They call me pop shotta cause best believe you come through my block I'm a flop ya💥Love this for me 💚Pop Ebk (February 3, 2020)

- In the trenches where it's lit so don't come through my block cause u could get hit 💥🥴 (May 14, 2020)

- all that crip Shit dead u know it's thumbs down over here and you know the vibes I'm yg till my eyes bleed gangsta 💪 (January 23, 2020)

- 80 🎱 where we stay so don't pull up cause ghana might shoot u In your face 💥 (January 10, 2020)

- N**** don't be 800k.... (January 9, 2020)

- Yall tried to move on my son six yall thought n***s forgot and tell your boy stop acting tuff he trying to record on my block and he said 800 k so i punch him (May 17, 2020)

      On September 16, 2020, Jackson and a co-conspirator attempted to kill a rival gang member. PSR ¶ 30. The attack was captured on surveillance video. PSR ¶ 30. As the video shows, this was a premeditated attack. PSR ¶ 30. Jackson and his co-conspirator waited for the victim outside a bodega where the victim was shopping—with Jackson holding a box cutter with a razor blade, and his co-conspirator holding a two-by-four. PSR ¶ 30. When the victim walked out of the bodega, Jackson's co-conspirator hit the victim on the side of the head with the two-by-four. PSR ¶ 30. Jackson then attacked the victim with the box cutter, knocking him to the ground. PSR ¶ 30. When the victim was on the ground, Jackson attacked him with the box cutter again. PSR ¶ 30. During the attack, Jackson slashed the victim in the neck and face with the box cutter, causing the victim a serious, life-threatening injury and sending the victim to the hospital for medical treatment. PSR ¶ 30.

      In addition, on August 28, 2020, Jackson unlawfully possessed a firearm, ammunition, and marijuana packaged for distribution in his apartment. PSR ¶ 31. During a search of Jackson's apartment, conducted pursuant to a search warrant, law enforcement found 47 bags of marijuana, a .22 caliber firearm with one fired .22 caliber bullet and one fired .22 caliber shell casing, thirteen additional .22 caliber shell casings, and approximately $500 in cash. PSR ¶ 31.

Hon. Alvin K. Hellerstein  Page 5
June 21, 2023

## II. The Charges, Plea Agreement and Guidelines

On May 27, 2021, a superseding indictment, S1 21 Cr. 280 (the "Indictment"), was filed against Rashien Jackson and co-defendants James Bell, Daquan Murphy, Derick Murphy, Jayquan Smith, Hassan Simmons, and Jonathan Odenthal. In the Indictment, Jackson was charged in five counts: one count of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); one count of attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), (a)(5), and 2, in connection with a March 27, 2020 shooting (Count Four); one count of use of a firearm, which was discharged, in connection with the attempted murder charged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2 (Count Five); one count of attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), (a)(5), and 2, in connection with the September 16, 2020 slashing of a rival gang member (Count Six); and one count of use of a firearm, which was discharged, in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2 (Count Eleven).

On February 7, 2023, Jackson pled guilty, pursuant to a plea agreement, to Count Six: attempted murder in aid of racketeering in connection with the September 16, 2020 slashing of a rival gang member. The parties stipulated that the underlying crime constitutes second-degree attempted murder, and that the victim "sustained permanent or life-threatening bodily injury." PSR ¶¶ 15(c)-(d). In addition to admitting to the slashing, the defendant also admitted that "from in or about 2010 up to and including in or about 2021, he participated in a racketeering conspiracy known as the '800 YGz'" and that "on or about August 28, 2020, he unlawfully possessed a firearm in his apartment." PSR ¶ 15(j). The plea agreement calculated a stipulated Guidelines range of 78 to 97 months' imprisonment.

## III. A Sentence of 97 Months' Imprisonment Is Fair and Appropriate

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider the seven factors outlined in 18 U.S.C. § 3553, which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

Here, these factors support a sentence of 97 months' imprisonment—at the top of the stipulated Guidelines range.

*First*, the nature and circumstances of the offense are incredibly serious. For years, Jackson was an active member of the 800 YGz, a violent street gang engaged in acts of violence (including attempted murders), drug trafficking, and fraud. And Jackson directly participated in the violence,

Hon. Alvin K. Hellerstein  Page 6
June 21, 2023

the drug trafficking, and the fraud. In addition, on August 28, 2020, Jackson was caught with an illegally possessed firearm, ammunition, and marijuana packaged for distribution in his apartment. And, most troubling, on September 16, 2020, Jackson attempted to kill a rival gang member by slashing him in the neck and face with a box cutter, after his co-conspirator hit the victim with a two-by-four. Jackson caused the victim a serious, life-threatening injury, and he is fortunate that the victim did not die. Jackson committed this brutal slashing—and his other criminal acts—in furtherance of the 800 YGz. This conduct is extremely serious and warrants a 97-month term of imprisonment.

*Second,* the need for specific and general deterrence justifies a sentence of 97 months' imprisonment. Given Jackson's history of violence, a 97-month prison sentence is appropriate to deter future criminal activity by Jackson. Equally important in this case are the goals of general deterrence. Jackson' sentence should send a message to other gang members that participating in a gang and committing acts of violence will result in lengthy prison terms.

*Third*, the need to protect the community is paramount in this case and weighs heavily in favor of a prison term of 97 months. Jackson's gang activity, drug trafficking, gun possession, and—most of all—his violent slashing of a victim's neck and face demonstrate his extreme danger to the community. In order to protect the public from further acts of violence by Jackson, the Court should sentence him to a term of 97 months' imprisonment.

### IV.     Conclusion

For the reasons set forth above, a sentence of 97 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  /s/_____
     Alexandra Rothman / Jim Ligtenberg
     Assistant United States Attorneys
     (212) 637-2580 / (212) 637-2665

cc:     Scott B. Tulman, Esq. (by ECF)