

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*One Saint Andrew's Plaza*
*New York, NY 10007*

December 7, 2023

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Jonathan Odenthal*, 21 Cr. 280 (AKH)

Dear Judge Hellerstein:

    The Government respectfully submits this letter in connection with the sentencing of the defendant, Jonathan Odenthal, which is scheduled for December 14, 2023. For the reasons discussed below, the Government respectfully submits that a sentence of 33 to 41 months' imprisonment is warranted in this case.

    **I.  Background**

    Defendant Jonathan Odenthal has a long history of engaging in violence, possessing firearms, and trafficking narcotics. *See* PSR ¶¶ 55-60. Most recently, from 2010 to 2021—a span of 11 years—Odenthal was a member of the 800 YGz, a New York City street gang engaged in racketeering activity, including acts of violence, attempted murder, robbery, narcotics distribution, and acts involving wire fraud. PSR ¶ 25. Members and associates of the 800 YGz used violence and threats of violence, including acts involving murder and assault, against individuals associated with rival gangs. PSR ¶ 27. The 800 YGz also promoted the gang on social media sites such as Facebook and Instagram by posting messages, comments, videos, and photographs referring to, among other things, shootings, firearms, and drug dealing. PSR ¶ 27.

    Members of the 800 YGz—including Odenthal—also enriched the gang and furthered the goals of the gang by trafficking narcotics, including crack cocaine. PSR ¶ 29. Odenthal is being held responsible for trafficking at least 28 grams of crack cocaine. PSR ¶ 29. Odenthal engaged in the racketeering conspiracy and the drug trafficking while he was on supervision for a prior conviction. PSR ¶ 62.

    In April 2021, Odenthal was charged—along with six co-defendants—with one count of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). Odenthal's co-defendants were all arrested shortly after the indictment was unsealed in May 2021. Law

Hon. Alvin K. Hellerstein  Page 2
December 7, 2023

enforcement officers attempted to locate and arrest Odenthal and spoke to his family members about the outstanding warrant. Nevertheless, Odenthal never turned himself in, and he remained a fugitive for more than a year and a half. He was eventually arrested on December 29, 2022.

On May 30, 2023, Odenthal pled guilty to one count of participating in a racketeering conspiracy. PSR ¶ 15. In the plea agreement, the parties stipulated that the applicable Guidelines offense level is 21, and that Odenthal is in Criminal History Category III, yielding a Guidelines range of 46 to 57 months' imprisonment. However, the PSR has revealed another conviction that was not included in the plea agreement: Odenthal's 2011 youthful offender adjudication for attempted assault in the third degree. PSR ¶ 55. As a result of this offense—as Probation correctly concluded—Odenthal is in Criminal History Category IV. PSR ¶ 63, pp. 24-25. The applicable Guidelines range is therefore 57 to 71 months' imprisonment. PSR p. 26.

The offense level in the plea agreement is based on the Guidelines for crack cocaine. If, however, the Guidelines applicable to powder cocaine were used, the base offense level would be 19, rather than 24. *See* PSR ¶ 44 (explaining that the base offense level for a racketeering conspiracy under U.S.S.G. § 2E1.1 is either 19 or the level applicable to the underlying racketeering activity, whichever is *greater*). Following a three-level reduction for acceptance of responsibility, the offense level would be 16 and, with a Criminal History Category of IV, the applicable Guidelines range would be 33 to 41 months' imprisonment.[1]

## II. A Sentence of 33 to 41 Months' Imprisonment Is Necessary

The Government respectfully submits that a sentence of 33 to 41 months' imprisonment—within the Guidelines range that would be applicable under the powder cocaine Guidelines—is warranted in this case.

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider the seven factors outlined in 18 U.S.C. § 3553, which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

Here, these factors weigh in favor of a sentence of 33 to 41 months' imprisonment.

---

[1] The calculations and resulting Guidelines ranges on page 9 of Odenthal's sentencing submission are inapplicable here because they fail to account for the fact that, under U.S.S.G. § 2E1.1, the base offense level cannot be lower than 19.

*First*, Odenthal committed an incredibly serious crime. Drug trafficking—knowingly profiting from customers' addictions—is a serious offense. Drug abuse has been, and continues to be, a scourge on communities throughout the United States, including communities within the Southern District of New York. The victims of drug crimes include not only drug users, but also users' friends and family, who also suffer the consequences of addiction. Moreover, the communities in which drug trafficking occurs often suffer from the violence that follows. Even worse, Odenthal engaged in drug trafficking in furtherance of a violent street gang engaged in attempted murders, assaults, and robberies. Odenthal's drug trafficking helped fund the gang and enrich its members. And Odenthal participated in the gang for more than a decade, from 2010 to 2021. Odenthal also committed the instant offense while on parole for a prior conviction. PSR ¶ 62. And unlike Odenthal's co-defendants, who were arrested shortly after the indictment was unsealed, Odenthal hid from authorities and remained a fugitive for more than a year and a half. During the time that he was a fugitive, Odenthal continued to sell drugs. PSR ¶ 83. Given the seriousness of the offense, Odenthal's attempt to escape justice, and Odenthal's continued drug dealing even after he learned he was under indictment, a substantial sentence is necessary to provide just punishment and promote respect for the law.

*Second*, Odenthal's history and characteristics justify a sentence of 33 to 41 months' imprisonment. Odenthal now has seven criminal convictions, including for assault and firearms possession. In 2010, Odenthal and two others assaulted a store clerk who refused to give them money, punching the victim in the face and causing a black eye and bruises. PSR ¶ 55. In 2014, Odenthal and two others struck another victim in the face and robbed his cellphone—the victim suffered from a broken femur, pain and swelling to his head, and fear for his physical safety. PSR ¶ 56. In 2015, Odenthal was caught in possession of a loaded firearm. PSR ¶ 57. In 2016, Odenthal assaulted a corrections officer "by punching the officer in the face and swinging a five inch piece of metal at the officer, which scraped the officer's right arm." PSR ¶ 58. In 2019, Odenthal was caught with 31 capsules of crack cocaine packaged for individual sale. PSR ¶ 59. In 2020, Odenthal was cited for "Assault/Family Violence." PSR ¶ 60. As noted in the PSR, Odenthal has had orders of protection entered against him on behalf of his ex-girlfriend, the mother of his child. PSR ¶ 70. Most recently, on May 30, 2023, Odenthal received a disciplinary infraction while incarcerated for fighting with another person. PSR ¶ 17. Odenthal's criminal history is troubling and gives rise to substantial concerns about his likelihood of recidivism—especially in light of his continued drug dealing while a fugitive from this Court. A substantial sentence is therefore necessary to reflect Odenthal's history and characteristics and to protect the public from further crimes by Odenthal.

*Third*, the compelling need for both specific and general deterrence justifies a sentence of 33 to 41 months' imprisonment. Odenthal's prior interactions with the criminal justice system—including his prior terms of imprisonment and his indictment in this very case—were clearly insufficient to deter him from committing new crimes. The Court should impose a sentence that, unlike Odenthal's prior punishments, ensures that he, and others like him, do not make these types of choices again.

Hon. Alvin K. Hellerstein  Page 4
December 7, 2023

### III.     Conclusion

For the reasons set forth above, a sentence of 33 to 41 months' imprisonment would be fair and appropriate in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: __/s/_____
Alexandra Rothman / Jim Ligtenberg
Assistant United States Attorneys
(212) 637-2580 / (212) 637-2665

cc:     Elena Fast, Esq. (by ECF)